IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CAREY STEWART | § | |
| Vs. | § | CIVIL ACTION NO. 9:05CV39 |
| DTI INVESTMENTS, INC., ET AL. | § | |

SHOW CAUSE ORDER

      Plaintiff filed the above-styled lawsuit on February 23, 2005, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In the original complaint, the Defendants were named as DTI Investments, Inc., and DTI Investments, Inc. d/b/a Rio Del Oro Apartments.  Plaintiff described Defendants as a foreign corporation duly authorized to conduct business in the State of Texas.  Plaintiff subsequently amended her complaint on March 24, 2005.  In the amended complaint, Plaintiff re-names the Defendants as DTI Investments, Inc., a foreign corporation, and Texas Rio Del Oro, Ltd., a Texas corporation.  The amended complaint again asserts federal jurisdiction based upon complete diversity pursuant to 28 U.S.C. § 1332.  Plaintiff states that she is a resident of Nacogdoches, Texas.

      Federal courts are courts of limited jurisdiction.  Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution.  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir.1997).  "Under our federal constitutional scheme, the state

courts are assumed to be equally capable of deciding state and federal issues." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir.1998) (overruled on other grounds, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999)). If Congress has not conferred jurisdiction upon the federal courts, the state courts become the sole vehicle for obtaining initial review of some claims. *Id.* (citing *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425 (1971). Because of their limited jurisdiction, federal courts have a continuing obligation to examine their basis for jurisdiction. *MCG, Inc. v. Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990). Jurisdiction may be raised by the court, *sua sponte*, at any time. *Id.*; Fed.R.Civ.P. 12(h)(3).

In this case, there does not appear to be complete diversity among the parties as required for subject matter jurisdiction pursuant to 28 U.S.C. § 1332. According to the amended complaint, Plaintiff and Defendant Texas Rio Del Oro, Ltd. are both citizens of Texas. Although the existence of diversity jurisdiction is ordinarily determined when the lawsuit is filed, federal jurisdiction is defeated when a non-diverse defendant is added. *See Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987); *Molett v. Penrod Drilling Co.*, 872 F.2d 1221 (5th Cir.1989). It is therefore

**ORDERED** that Plaintiff shall have 20 days from the filing of this Order to show cause why the above-styled lawsuit should not be dismissed by the Court, *sua sponte*, for lack of subject matter jurisdiction.

So **ORDERED** and **SIGNED** this **13** day of **April, 2005.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE